UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. CARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1547 CDP |
| | ) | |
| WACHOVIA CAPITAL MARKETS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Christopher Carman is suing his former employer alleging breach of his employment contract and other claims. Defendant Wachovia has moved to stay this case pending arbitration of the dispute, or in the alternative to dismiss. Because Carmen's employment contract requires that his claims be submitted to arbitration, and the arbitration clause in that contract is valid and enforceable under both state and federal law, I will grant Wachovia's motion to stay this case and compel arbitration.

Background and Discussion

Christopher Carmen is an investment banker who was formerly employed by A.G. Edwards & Sons, Inc. Defendant Wachovia Capital Markets, LLC succeeded to all assets and liabilities of A.G. Edwards in October 2007.

Following the takeover by Wachovia, Carmen's employment was terminated by Wachovia in December 2007. Carmen claims that Wachovia breached the contract he had with A.G. Edwards, and that Wachovia now owes him certain sums for work performed while he was still employed.

Wachovia has moved to stay this case and compel arbitration, or in the alternative to dismiss for failure to state a claim. Wachovia argues that Carmen agreed in his employment application to arbitrate any dispute arising from his employment or termination. Additionally, Carmen agreed to submit any claims to arbitration when he registered to sell securities by completing his Securities Industry Form U-4.

"The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*. declares a liberal federal policy favoring arbitration agreements." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). In determining whether it should compel arbitration, a court's role is limited to determining "whether the parties have entered into a valid agreement to arbitrate, and, if so, whether the existing dispute falls under the coverage of the agreement." *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 667 (8th Cir. 2001); *see also Keymer v. Mgmt. Recruiters Intern., Inc.*, 169 F.3d 501, 504 (8th Cir. 1999). When deciding whether parties have agreed to arbitrate a particular matter, courts apply ordinary state law contract principles. *Keymer*, 169 F.3d at 504. The Federal Arbitration Act's pro-arbitration

policy "does not operate without regard to the intent of the contracting parties, for arbitration is a matter of consent, not of coercion." *Id*.

Carmen argues that the agreement to arbitrate found in his employment application is unenforceable. First, Carmen argues that the agreement is not a contract because there was no meeting of the minds or bargained for consideration. Second, even if the agreement is a contract, argues Carmen, it is unenforceable as a contract of adhesion or because it is substantively and procedurally unconscionable.

Under Missouri law, a contract requires mutuality of agreement, which means that the parties must have "a meeting of the minds on the essential terms of the contract." *Ketcherside v. McLane*, 118 S.W.3d 631, 635 (Mo. Ct. App. 2003). To determine whether there has been a meeting of the minds, courts look to "the intention of the parties as expressed or manifested in their words or acts." *Smith v. Hammons*, 63 S.W.3d 320, 325 (Mo. Ct. App. 2002). In other words, "whether a contract is made and, if so, what the terms of the contract are, depend on what is actually said and done and not upon the understanding or supposition of one of the parties." *Id*. The basic elements of a contract are offer, acceptance, and consideration. *Citibank (South Dakota), N.A. v. Wilson*, 160 S.W.3d 810, 813 (Mo. Ct. App. 2005).

Carmen's argument that his signed and submitted employment application did not constitute a contract is unpersuasive. The terms of Carmen's application stated:

> In consideration of A.G. Edwards & Sons, Inc. undertaking the aforementioned investigation and considering my application for employment, I agree that any controversy or dispute arising between me and A.G. Edwards & Sons, Inc. in respect to . . . my application with A.G. Edwards & Sons, Inc. or the termination of that employment by A.G. Edwards & Sons, Inc., shall be submitted for arbitration before the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc.

Arbitration provisions in employment applications are valid and enforceable under Missouri law. *Finnie v. H&R Block Financial Advisors, Inc.*, No. 07-429-CV-W-NKL, 2007 WL 2908756 (W.D. Mo. Oct. 4, 2007), *rev'd on other grounds*, 2009 WL 56971 (8th Cir. 2009). The Supreme Court has also upheld similar provisions in an employment application. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 10 (2001). In this case, Carmen has not presented any argument that distinguishes his case from the holdings in *Finnie* or *Circuit City*. The plain language of Carmen's employment application demonstrates that there was a bargained-for agreement – A.G. Edwards undertook to consider Carmen's application for employment in exchange for Carmen's agreement to arbitrate any dispute arising out of that employment. Thus, a meeting of the minds took place. Carmen has not put forth any evidence to show that the arbitration provision was unconscionable or that its terms were oppressive or unreasonable. *See Swain v. Auto Servs.*, 128 S.W.3d

103, 108 (Mo. Ct. App. 2003) ("An agreement choosing arbitration over litigation, even between parties of unequal bargaining power, is not unconscionably unfair."). Similarly, Carmen's claim that he was presented with a contract of adhesion is unpersuasive. *See Finnie*, 2007 WL 2908756 at *3 (Arbitration provision was not a contract of adhesion because the applicant had notice of the provision before signing the agreement, and furthermore, applicant put forth no evidence that he tried to eliminate the provision before signing the agreement.).

The arbitration provision in Carmen's application for employment is valid and enforceable, and the claims raised in Carmen's complaint are within the scope of that provision.[1] Therefore, defendant's motion will be granted, and this case will be stayed pending arbitration.

Accordingly,

**IT IS HEREBY ORDERED THAT** defendant's motion [#5] to stay this case and compel arbitration is GRANTED. A separate order staying this proceeding and administratively closing the case is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2009.

---

[1] Because I find that the arbitration provision in Carmen's employment application is enforceable, I do not reach defendant's argument that the arbitration provision in Carmen's Form U-4 is also enforceable.

- 5 -